US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

AUG 1 5 2018

DOUGLAS F. YOUNG, Clerk
By
_____
Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 18-2143 |
| v. | ) ) | JURY TRIAL DEMAND |
| CUSTOM FABRICATION & ENGINEERING d/b/a MIDWEST AUTOMATION CUSTOM FABRICATION INC. | ) ) ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to Larry Batt who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges Custom Fabrication & Engineering, now doing business as Midwest Automation Custom Fabrication Inc. (Defendant), refused to allow Batt to return to work because Defendant regarded Batt as disabled and terminated Batt's employment because Defendant regarded Batt as disabled and in retaliation for filing a charge of discrimination with the EEOC.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42

U.S.C. § 12203(a)-(b), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Fort Smith Division.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission (Commission) is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4.      At all relevant times, Defendant was continuously doing business in the state of Arkansas and the City of Fort Smith and continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Larry Batt filed a charge of discrimination with the Commission against Defendant alleging Defendant violated Title I of the ADA and the ADAAA.

9. On June 27, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe Defendant violated the ADA and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On July 24, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF THE DISABILITY CLAIMS OF LARRY BATT

14. Beginning in October of 2016, Defendant engaged in unlawful employment practices at its Fort Smith, Arkansas location in violation of Title I of the ADA, Sections 102(a). The unlawful employment practices include refusing to allow Batt to return to work and terminating his employment because it regarded Batt as having a disability.

15. Batt is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(C), 12102(3), and 12111(8), as amended by the ADA Amendments Act of 2008. Defendant refused to permit Batt to return to work and discharged him because it regarded Batt as disabled.

    a. Defendant hired Batt in 1985 as a welder at its Fort Smith, Arkansas location.

    b. Defendant promoted Batt to shop foreman in 1995. Batt held the shop foreman

position until December 14, 2016.

       c.      On or about October 20, 2016, Batt left work early due to a severe headache.

       d.      When Batt's condition did not improve after a few days, he went to a medical clinic on the Choctaw Reservation.  The clinic immediately referred Batt to the emergency room.

       e.      Batt was admitted to a hospital where it was determined Batt had suffered a stroke.  Batt was also diagnosed with uncontrolled high blood pressure.

       f.      Upon his release from the hospital, Batt experienced symptoms of swelling in his extremities and fuzzy vision in his right eye.  The hospital's discharge notes stated Batt could resume all activities as tolerated.

       g.      On or about October 31, 2016, Batt attempted to return to work.  Defendant told Batt that he could not return to work until Batt obtained a release from an eye doctor and a neurologist.

       h.      From October 31, 2016, through the end of December 2016, Batt remained off work while he attempted to schedule appointments with a neurologist.

       i.      By certified letter dated December 14, 2016, Defendant informed Batt he could not return to work until he obtained a "Fitness for Duty" exam and releases from a neurologist and an eye doctor.  The letter also informed Batt that Defendant had removed him from the shop foreman position and placed him in a quality control position.

       j.      On December 21, 2016, an optometrist examined Batt and released Batt to immediate and unrestricted duty.

       k.      On January 13, 2017, a neurologist examined Batt and released Batt to full, unrestricted duty effective January 16, 2017.

l.      Batt reported to work on January 16, 2017, and presented his releases to Owner Lindsay Freeman.  Freeman did not permit Batt to return to work and terminated Batt's employment.

16.     Defendant discharged Batt because of the impairments discussed above.

17.     The effect of the practices complained of in Paragraphs 14-15 above has been to deprive Batt of equal employment opportunities and otherwise adversely affect his status as an employee because Defendant regarded Batt as disabled.

19.     The unlawful employment practices complained of in Paragraphs 14-15 above were and are intentional.

20.     The unlawful employment practices complained of in Paragraphs 14-15 above were and are done with malice or with reckless indifference to the federally protected rights of Batt.

## STATEMENT OF THE RETALIATION CLAIM OF LARRY BATT

21.     Beginning in October of 2016, Defendant engaged in unlawful employment practices at its Fort Smith, Arkansas location in violation of Title I of the ADA, Sections 102(a) and 42 U.S.C. § 12203(a)-(b).

22.     The unlawful employment practices include terminating Batt's employment in retaliation for his filing a charge of discrimination with the EEOC.

a.      Batt completed an Intake Questionnaire which the EEOC received on December 22, 2016.  The form indicated Batt wished to file a charge.

b.      Because Batt's Intake Questionnaire indicated he wished to file a charge, the EEOC sent Defendant a Notice of the Charge dated December 29, 2016.

c.     When Batt reported to work on January 16, 2017, Owner Lindsay Freeman asked Batt why he filed a charge.  Freeman then stated it was not going to work out and terminated Batt's employment.

d.     Office Manager Sharon Freeman and wife of Lindsay Freeman told Batt that once he filed a charge, he did not get to change his mind and come back to work.

e.     Following his termination, the EEOC drafted Batt's charge, and Batt signed the charge on February 6, 2017, and returned the charge to the EEOC.

23.     The effect of the practices complained of in Paragraphs 21-22 above has been to deprive Batt of equal employment opportunities and otherwise adversely affect his status as an employee because he filed a charge of discrimination with the EEOC.

24.     The unlawful employment practices complained of in Paragraphs 21-22 above were and are intentional.

25.     The unlawful employment practices complained of in Paragraphs 21-22 above were and are done with malice or with reckless indifference to the federally protected rights of Batt.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from discriminating against employees based on a perceived disability.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from retaliating against employees who file a charge with the EEOC.

C.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from terminating an employee because of a perceived disability

D.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from terminating an employee in retaliation for filing a charge of discrimination with the EEOC.

E.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals under the ADA and which eradicate the effects of its past and present unlawful employment practices.

F.      Order Defendant to make whole Larry Batt by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      Order Defendant to make whole Larry Batt by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above Paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

H.      Order Defendant to make whole Larry Batt by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the above Paragraphs in amounts to be proven at trial.

I.      Order Defendant to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the above Paragraphs in an amount to be determined at trial.

J.      Order Defendant to cease engaging in policies and/or practices that violate the ADA.

K.      Grant such further relief as the Court deems necessary and proper in the public interest.

L.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.


Respectfully submitted,

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

**GERALD L. THORNTON, SR.**
Supervisory Trial Attorney
TN Bar No. 15898

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:  (901) 544-0075

**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR  72201
Telephone: (501) 324-5065
pamela.dixon@eeoc.gov