US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 22 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:18-CV-02143 PKH |
| v. | ) ) | |
| CUSTOM FABRICATION & ENGINEERING d/b/a MIDWEST AUTOMATION CUSTOM FABRICATION INC. | ) ) ) ) ) | |
| Defendant. | | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (Commission) and Defendant Custom Fabrication & Engineering d/b/a Midwest Automation Custom Fabrication, Inc. (Defendant or Custom) reached an agreement to resolve this case following settlement negotiations. The Parties jointly submit this Consent Decree (Decree) for the Court's review, approval, and entry to resolve the claim of disability discrimination alleged in the Commission's Complaint.

The Commission is an agency of the United States of America and enforces federal laws prohibiting discrimination in the workplace. The Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 represent two of the federal laws enforced by the Commission.

The Commission instituted this action on behalf of Larry Batt.[1] The Commission alleged in its Complaint that Defendant refused to permit Mr. Batt to return to work following an illness and then terminated his employment in violation of the ADA.

---

[1] Mr. Batt is now deceased, and the monetary remedies outlined in this Decree will go to Mr. Batt's estate.

Defendant denies the allegations in the Commission's Complaint that it engaged in any unlawful employment practices in violation of the ADA. This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint. The Parties have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement of the Parties with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and signed by all Parties. The Parties have made no representations or inducements to compromise this action other than those recited or referenced in this Decree. The Parties stipulate that the terms and conditions of this Decree serve to effectuate the purposes of the ADA.

## FINDINGS

This Court has jurisdiction over the subject matter of this action and the Parties. After a careful examination of the Decree, the pleadings, and the record, this Court finds the terms of this Decree are adequate, fair, reasonable, equitable, and just. The terms of the Decree also serve the public interest in eradicating discrimination based on disability. The Decree furthers the objectives of the ADA and adequately protects the rights of the Parties and the public interest.

If the Court does not approve this Decree, the Parties agree not to admit the Decree into evidence in any subsequent proceeding in this lawsuit.

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

## SCOPE AND DURATION OF DECREE

This Decree resolves all issues and claims arising out of the Commission's Complaint which arose from Charge No. 493-2017-00412. This Decree does not impact any pending charges,

if any, that may currently exist before the EEOC in the United States. Further, this Decree does not affect EEOC's right to process any other pending or future charges that any employee or applicant may file against Defendant and to commence civil actions on any such charges.

The Parties agree the United States District Court for the Western District of Arkansas, Fort Smith Division, has jurisdiction over the Parties and the subject matter of this litigation for the duration of the Decree. Neither Party shall contest the jurisdiction of this Court to enforce this Decree. Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and binding upon the Parties to this lawsuit for six months after the entry date of this Decree.

## INJUNCTIVE RELIEF

Defendant, its officers, agents, servants, managers, employees, and all persons in active concert shall not discriminate against any employee on the basis of disability.

Defendant shall not retaliate against any employee for participating in any proceeding under the ADA.

## NOTICE POSTING

Within 10 days of the entry of this Decree, Defendant will post Attachment A for six months in a conspicuous place where Defendant customarily posts notices to employees. Defendant will continue to conspicuously post the most recent notice (poster) required by the ADA.

## TRAINING

Within 90 days after entry of this Decree, Defendant shall conduct a mandatory training session for all management employees at its Fort Smith location.

3

Defendant shall retain a qualified consultant having specialized knowledge of disability issues and retaliation to conduct the training session.

The training session will last two hours and include the following:

- A discussion of what constitutes a disability;
- Defendant's accommodation process;
- The requirements of the interactive process;
- A discussion of retaliation.

## REPORTING

Within 30 days following the abovereferenced training session, Defendant shall submit report to include the following information:

- The location and date of the training;
- The name(s) of the trainer(s);
- A roster of the attendees.

Defendant shall submit the report to EEOC-MEDO-decree with a statement by Defendant that it submits the report as required by this Decree.

## INDIVIDUAL RELIEF

To resolve this matter, within 15 days of the entry of this Decree, Defendant will pay $20,000 to the Estate of Larry Batt. Defendant will issue a 1099 form for this amount to the Estate of Larry Batt. Late payment will be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

Defendant shall email a photocopy of the front and back of the check issued to the Estate of Larry Batt to pamela.dixon@eeoc.gov and to EEOC-MEDO-decree-monitoring@eeoc.gov.

## NOTIFICATION OF SUCCESSORS

Prior to any sale during the duration of this Decree, Defendant shall provide written notice of this lawsuit and the existence and contents of the Decree to any potential purchaser of Defendant's business, a purchaser of all or a substantial portion of Defendant's assets, or to any other potential successor. Any surviving entities that exist upon completion of the acquisition, merger, or consolidation will remain fully liable for compliance with this Decree.

## ENFORCEMENT

If Defendant fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree. The Commission will provide 10 days' notice to Defendant of any deficiency in complying with the terms of the Decree. If the Parties are unable to reach agreement regarding resolution of any such deficiency with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief. Any notice by the Commission regarding any deficiency of the Decree will be emailed to Defendant's counsel.

## MISCELLANEOUS PROVISIONS

This Decree becomes effective immediately upon entry by the Court and remains in effect for six months.

If the Court finds any provision of this Decree unlawful, the Court will sever only such provision and the remainder of the Decree will remain in full force and effect.

Each Party will bear its own costs, attorneys' fees, and expenses.

IT IS SO ORDERED this ___ day of July 2019.

P.K. HOLMES
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY BY THE PARTIES:

| | |
|---|---|
| Counsel for Plaintiff | Counsel for Defendant<br>**ROY GEAN, III** |
| **JAMES L. LEE**<br>Acting General Counsel | **GEAN LAW FIRM**<br>511Garrison Avenue |
| **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel | Fort Smith, Arkansas 72901<br>(479) 783-1124<br>roygeaniii@geanlaw.com |
| *s*/Faye A. Williams<br>**FAYE A. WILLIAMS**<br>Regional Attorney | *s*/ Roy Gean, III<br>**ROY GEAN, III** |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Memphis District Office
1407 Union Ave., Ste. 901
Memphis, Tennessee
(901) 544-0088


*s*/Pamela B. Dixon
**PAMELA B. DIXON**
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana Street, STE. 200
Little Rock, Arkansas
(501) 324-5065
pamela.dixon@eeoc.gov

ATTACHMENT A
NOTICE

1. Custom posts this Notice to show its commitment in support of the American with Disabilities Act.

2. Custom will provide training its management employees on disability discrimination and retaliation.

3. Federal law prohibits disability discrimination in the workplace. This includes, but is not limited to, refusing to hire, discharging, refusing to accommodate or otherwise discriminating against any individual because of or on the basis of his or her disability.

4. Custom will continue to comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission and/or testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under the Americans with Disabilities Act.

If you believe you have been discriminated against in violation of federal law, you have the right to seek assistance from the Equal Employment Opportunity Commission by calling 1-800-669-4000 or visiting its website at www.eeoc.gov.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for 6 months from the date below and must not be altered, defaced or covered by any other material.

**SIGNED this \_\_\_\_ day of July 2019.**

_____